NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

August 1, 2019

Kevin P. Roddy, Esq.
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive
Suite 900
Woodbridge, NJ 07095
*Counsel for Plaintiffs*

Jonathan Rotenberg, Esq.
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022
*Counsel for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:    **Page v. Alliant Credit Union**
           **Civil Action No. 18-11481 (SDW) (CLW)**

Counsel:

Before this Court is Plaintiffs' Motion for Reconsideration of this Court's July 15, 2019 Opinion and Order ("July 15th Decision") which adopted in part the Report and Recommendation ("R&R") entered on June 17, 2019 by Magistrate Judge Cathy L. Waldor ("Judge Waldor"). This Court having considered the parties' submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **GRANTS** Plaintiffs' motion for reconsideration, and again adopts in part Judge Waldor's R&R as the conclusions of law of this court.

## DISCUSSION

A.

"Although the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review." *Sch. Speciality, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015). A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2

(internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

B.

This Court, having rendered its July 15th Decision without the benefit of Plaintiffs' opposition to Defendant's objection to the R&R, grants Plaintiffs' motion for reconsideration. Having now reviewed Plaintiffs' objections, this Court again adopts Judge Waldor's recommendation that this matter be dismissed for lack of subject matter jurisdiction, and declines to adopt her recommendations that Plaintiff be given leave to amend and that this matter be transferred to the Northern District of Illinois.

Judge Waldor's R&R was issued in response to Defendant's dispositive motion to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Federal Procedure 12(b)(1) and, in the alternative, 12(b)(2). (D.E. 16.)[1] This Court is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Here, once Judge Waldor determined that this Court lacked jurisdiction over Plaintiffs' claims, (D.E. 30 at 8), the proper course of action was to grant the motion to dismiss. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 219 (3d Cir. 2012); Fed. R. Civ. P. 12(h)(3). This is especially true where, as here, there also appears to be a lack of personal jurisdiction over Defendant and Plaintiffs have agreed that this matter should be heard in the Northern District of Illinois where personal jurisdiction over Defendant does exist. (*See* D.E. 30 at 14-16.) Plaintiffs are free to refile this matter in that district and, therefore, will suffer no undue prejudice or harm from the dismissal of the instant suit.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Reconsideration of this Court's July 15, 2019 Opinion and Order is **GRANTED**. Having now considered Plaintiffs' opposition to Defendant's objections to the R&R, this Court again adopts Judge Waldor's recommendation that this matter be dismissed for lack of subject matter jurisdiction, and declines to adopt her recommendations that Plaintiff be given leave to amend or that this matter be transferred to the Northern District of Illinois. An appropriate order follows.

---

[1] The fact that Plaintiffs requested leave to amend in their opposition to Defendant's motion, (D.E. 24 at 16-17), does not change the fact that the R&R addresses a dispositive motion to dismiss.

/s/ Susan D. Wigenton
                                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        Cathy L. Waldor, U.S.M.J.